UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

Hearing Date: 5/1/2018
Hearing Time: 10:00am
Hearing Place: Syracuse, NY

In re

    Marcial D. Albino
        ss#xxx-xx-1052
        aka (1) Marcial Albino
        aka (2) Marcy Albino
        aka Marcy Albino
    Lori J. Albino
        ss#xxx-xx-6815
        aka (1) Lori Albino
                  Debtors

Case No. 18-30048

Chapter 13

## DEBTOR'S MOTION TO AVOID JUDICIAL LIENS
## PURSUANT TO 11 U.S.C. § 522 (f)(1)(A)

The Debtors move to avoid judicial liens pursuant to 11 U.S.C. § 522(f)(1)(A) as such judicial liens impair the Debtors' exemption in real property.

1. On January 17, 2018, the Debtors, Marcial D. Albino & Lori J. Albino, filed a Chapter 13 Bankruptcy Petition in the U.S. Bankruptcy Court for the Northern District of New York.

2. The Debtors are the owners of real property located at 6 Hillview Drive, Union Springs, NY 13160. This is the real property that the Debtors seek to avoid judicial liens. The Debtors own this property as joint tenants with rights of survivorship. The Debtors purchased this property on April 8, 1994.

3. The Debtors are the owners of additional real property located at 135-139 Cayuga Street, Union Springs, NY 13160. The Debtors do not seek to avoid any judicial liens on this property.

4. The real property listed in paragraph 2 is valued in the amount of **$126,265.00** (pursuant to a tax bill that is attached to this motion), against which there is a balance due under a first mortgage in the amount of approximately **$104,563.67** (pursuant to a mortgage statement that is attached to this motion), which is more fully described in Schedule "A/B" and "D". There is $21,701.33 in equity in the real property.

mortgage statement that is attached to this motion), which is more fully described in Schedule "A/B" and "D". There is $21,701.33 in equity in the real property.

5. There are no additional liens on the real property listed in paragraph 2 above.

6. The Debtors exempted the real property listed in paragraph 2 above pursuant to 11 U.S.C. § 522(b)(3) 11 U.S.C. § 522(d)(1), the homestead exemption, in the amount of $47,350.00. The homestead exemption is duly set forth in Schedule "C".

7. The following consumer transaction judgments were taken against the Debtors and were placed as liens against the real property listed in paragraph 2 above:

| CREDITOR | JUDGMENT AMOUNT | FILING DATE | INDEX NO. |
| --- | --- | --- | --- |
| (1) Asset Acceptance LLC As Assignee of Bank of Marin | $2,135.38 | 10/23/2012 | 2012-00004214 |
| (1) Hares & Orman LTD | $1,118.54 | 03/26/2013 | 2013-00005575 |
| Wellington Plumbing and Heating | $901.28 | 12/19/2013 | 2013-0007428 |

8. None of the judgment liens listed above in paragraph 7 secure a debt arising out of a domestic support obligation of the kind described in § 523(a)(5).

9. The judicial liens are within the purview of 11 U.S.C. § 522(f)(1)(A) and impairs the Debtors' homestead exemption within the meaning of that section.

10. Any secured proof of claims filed by (1) Asset Acceptance LLC As Assignee of Bank of Marin, (1) Hares & Orman LTD, and Wellington Plumbing and Heating should be reclassified as general non priority unsecured claims.

11. Accordingly, the judicial lien of (1) Asset Acceptance LLC As Assignee of Bank of Marin, (1) Hares & Orman LTD, and Wellington Plumbing and Heating should be avoided and the Cayuga County Clerk should be direct to note the Order of such on the record of each of the judgments.

WHEREFORE, it is respectfully requested that the Court grant the motion together with the following fees, totaling $570.13.

a. $400.00 for attorney fees to be included in the chapter 13 plan (which includes ordering & reviewing judgment search, generating motion, notice and supporting papers, verifying judgments with Debtor, researching service information, copying and mailing documents, serving the motion, addressing any objections that come up if necessary, appearing at the hearing if necessary, preparing and uploading the order to avoid lien, getting the order to avoid certified, filing the order to avoid with the county and providing the Debtor with a filed order to avoid). To date counsel has requested attorney fees and costs of $3,075.00 through the plan and the Trustee has disbursed $0.00.
b. $12.50 for the certification fee;
c. $81.00 for the judgment lien search;
d. $16.63 for mailing fees and copying fees;
e. $60.00 for the filing fees to the **Cayuga** County Clerk to remove the judgments from the court records; and

such other and further relief as the Court deems just and proper.

Dated: March 29, 2018

HARRIS COURAGE & GRADY, PLLC

BY: _/s/ Jessica Grady_
Jessica G. Grady, Esq.
Bar Roll #512322
225 Greenfield Parkway, Ste. 107
Liverpool, NY 13088
(315) 445-5608 (tel)
Jessica@harrisbankruptcy.com